785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PYRO MINING COMPANY, Petitioner,
v.
FEDERAL MINE SAFETY & HEALTH COMMISSION AND SECRETARY OF
LABOR, Respondents.
 84-4022
 United States Court of Appeals, Sixth Circuit.
 1/6/86
 
 BEFORE: JONES and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 This is a review of an order issued by the Federal Mine Safety and Health Review Commission ('Commission') assessing penalties for alleged violations of the Mine Safety and Health Act of 1977, 30 U.S.C. cents 801, et seq. (1982). The order adopts in whole the decision of an administrative law judge ('ALJ') and became the final order for our review after the Commission denied a petition for discretionary review. We affirm in part and reverse and remand in part that order.
 
 
 2
 Petitioner Ryro Mining Company ('Pyro') was charged with the violations after one of its employees was fatally electrocuted at one of its mine sites. On the day of the accident that employee, Dean Lundy, was assigned to a belt crew responsible for extending a conveyor belt, work that required splicing a 110-volt pilot line. Neither Lundy nor the crew leader Harlan Belt had been 'qualified' to perform electrical work. Immediately prior to the accident, Belt told Lundy not to 'fool with' the pilot line. A few minutes later Lundy screamed and was found unconscious after having touched a bare wire in the pilot line.
 
 
 3
 Belt then told the other crew members not to touch the pilot line until it was checked out. At Belt's request, the mine's chief maintenance foreman checked the pilot line and found that it had only the normal 110 volts. Belt and the crew resumed work extending the belt until the process was completed. Immediately following completion of the work, it was learned that Lundy had died and everyone was immediately. ordered out of the mine.
 
 
 4
 The Mine Safety and Health Administration ('MSHA') sent its chief electrical investigator to the mine after the accident. After a thorough investigation, he found that there was a malfunction in the transformer that increased the electrical current to 330 volts in one pilot wire and 230 volts in the other pilot wire. The inspector issued four citations, only three of which are the subject of our review. Pyro was charged with violating the mandatory safety standard in 30 C.F.R. cents 75.1725(a) (1982) for maintaining a defective transformer; 30 C.F.R. cents 75.509 (1982) for failing to deenergize the pilot line before work was commenced; and 30 cents C.F.R. 75.511 (1982) for permitting an unqualified person to perform electrical work, for not providing a disconnecting device for a 480 volt cable coupler and for not using a method of tagging. The Secretary of Labor, pursuant to section 110 of the Act, 30 U.S.C. cents 820 (1982), filed a proposal to assess civil penalties in the amount of $7,500 for these violations. At the hearing, the ALJ found that Pyro had violated the mandatory safety standards charged in the citations. He also found that Pyro's conduct with respect to each violation rose to the level of gross negligence and assessed civil penalties for the three violations in the amount of $17,000.
 
 
 5
 Two issues are raised by this appeal: (1) whether the findings made by the ALJ with respect to each violation is supported by substantial evidence; and (2) whether the ALJ made sufficient findings of fact in considering the statutory criteria for assessing civil penalties under 30 U.S.C. cents 820(i) (1985).
 
 
 6
 We are mindful that our review of substantive findings of fact by the Commission is limited to determine whether such findings are supported by substantial evidence on the record as a whole. 30 U.S.C. cents 816(a)(1) (1982). The ALJ found Pyro grossly negligent for maintaining a defective transformer in violation of 30 C.F.R. Sec. 75.1725(a). That standard provides that such equipment be maintained in safe operating condition and that any such equipment in unsafe condition must be removed from service immediately.
 
 
 7
 Based on our review of the record, we can not uphold the order of the Commission with respect to a violation of the standard in Sec. 75.1725(a). The ALJ did not find that Pyro violated this standard for any actions prior to the accident. In fact, the ALJ stated in its opinion that Pyro could not have been negligent for its actions before the accident occurred because the defect in the transformer was not foreseeable and it could not have been detected by the ordinary electrical tests required by the regulations. The finding of gross negligence was based entirely on Pyro's conduct after the accident in resuming work on the pilot line.
 
 
 8
 In our opinion a finding of gross negligence can not stand when, as the ALJ agrees, Pyro conducted all the required tests of the pilot line immediately following the accident and found nothing to put it on notice that the transformer was defective. It was only after a thorough investigation by the MSHA investigator that the defect was uncovered. We do recognize the ALJ's reliance on the inspector's testimony that a 'reasonably prudent' mine operator would have known that the transformer was defective once the accident occurred, but we are not convinced that this provides the substantial evidence needed to support a finding of any negligence with respect to the standard in Sec. 75.1725(a) for conduct after the accident occurred. The Commission's finding of gross negligence with regard to this standard is, therefore, reversed.
 
 
 9
 We have also reviewed the record with regard to the alleged violations of 30 C.F.R. Sec. 75.509 and 30 C.F.R. Sec. 75.511. Being bound by the substantial evidence standard, we must conclude that the Commission's findings with respect to violations of these standards are supported by the record, and affirm the Commission's substantive findings of gross negligence as to these violations.
 
 
 10
 The Federal Mine Safety and Health Act requires the Commission to consider six criteria when assessing civil penalties for violations of the Act. Those criteria are: (1) the operator's history of previous violations; (2) the appropriateness of the penalty to the size of the operator's business; (3) whether the operator was negligent; (4) the effect on the operator's ability to continue in business; (5) the gravity of the violations; and (6) whether good faith was demonstrated in attempting to achieve prompt abatement of the violation. 30 U.S.C. Sec. 820(i) (1985). Not only must the Commission consider these criteria, it is our opinion that the Commission must provide in its order findings of fact on each of the statutory criteria. See, e.g., Sellersburg Stone Company v. Federal Mine Safety and Health Review Commission, 736 F.2d 1147 (7th Cir. 1984).
 
 
 11
 The ALJ mentioned in the decision that the civil penalties assessed were based upon a consideration of statutory criteria, but he only articulated findings of fact on four of the criteria. The decision is devoid of any findings on how the penalties assessed affected Pyro's ability to continue in business, or whether Pyro demonstrated good faith in attempting promptly to abate the violations. Since the ALJ failed to make such adequate findings, we conclude that the assessment of penalties was an abuse of discretion.
 
 
 12
 Having reviewed all issues raised above, we AFFIRM the Commission's substantive findings with respect to the violations of 30 C.F.R. Secs. 75.509 and 75.511, REVERSE the substantive findings with respect to 30 C.F.R. Sec. 75.1725(a), REVERSE the assessment of civil penalties and REMAND for a reconsideration of those penalties.